UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————— )
                                              )
UNITED STATES OF AMERICA                      )
                                              )
                                              )
                                              )
                                              )
v.                                            )        Criminal Action No. 11-10223-DJC
                                              )
TERRANCE MOON,                                )
                                              )
            Defendant.                        )
———————————————————— )

ORDER ON DEFENDANT'S MOTION FOR DISCOVERY

December 30, 2011

SOROKIN, M.J.

The Indictment charges the defendant with possession with intent to distribute controlled

substances (two counts), felon in possession of a firearm, and possession of a firearm in furtherance

of a drug trafficking crime. Docket #6. Allegedly, the defendant committed all four of these

offenses on or about February 6, 2011. The charges stem from the fruits of a search performed

pursuant to a search warrant issued by the state court and executed on February 4, 2011. The

affidavit describes three controlled purchases of heroin made from the defendant by a confidential

informant. None of these three purchases, however, form the basis for any charges in the

Indictment, thus, the government does not anticipate calling the informant as a witness at trial. The

defendant has filed a motion for discovery seeking five categories of information:

> 1) promises, rewards or inducements given to the informant for work for law
> enforcement;
>
> 2) the informant's criminal record as well as identification of any criminal charges
> pending at the time of the controlled buys described in the search warrant affidavit;

3) the confidential informant's history of drug use, alcohol use (or abuse), and mental illness;

4) prior disciplinary violations or other <u>Giglio</u> type information regarding the police officer affiant; and

5) the exact date and times of the three controlled purchases.

The government opposes these requests.

In relevant part, the affidavit made the following statements.  Docket #18-1.  A confidential informant ("informant") reported to Boston police that a black male of a specific description and street name was selling heroin in Roxbury.  The informant stated it had purchased heroin from this man in the past on different occasions.  According to the affidavit, the informant has provided reliable information in the past that has led to arrests and convictions (for drug offenses) as well as the seizure of drugs, money, firearm(s), and ammunition.  The affiant explained that no further details were reported in order to protect both the informant and law enforcement's ability to recruit informants.

The first buy was "within the last couple of months" prior to the search warrant affidavit.  The affidavit describes a fairly typical controlled purchase by the informant in which the officers observed a black male arrive to meet with the informant, sell the heroin, and then the male went to 99 Ormond Street.[1]  The defendant had once been arrested driving the car the drug seller drove to this meet.  The informant identified the defendant as the seller from a booking photo.

"Within the last month" prior to the affidavit, the informant made a second purchase from the defendant arranged via telephone.  Officers observed the defendant leave 99 Ormond Street,

---

[1]  The affidavit does not disclose whether the officers witnessed an exchange of money for drugs or merely the meeting between the two persons.

drive in a green Mercedes to the meet location where the informant and the defendant had a brief conversation. Again, the informant described an exchange of money for drugs which was preceded and followed by the usual searches as described in the affidavit. The Mercedes was registered to a woman living at 99 Ormond Street. The defendant's license listed an address of 99 Ormond Street. The woman was listed, in a 2007 police report, as the defendant's girlfriend. Until September 16, 2010, the NSTAR utilities at this residence were in the defendant's name, thereafter NSTAR utilities switched to the woman's name.

Finally, the affidavit recites that "within the last seventy-two hours," the informant made a third purchase from the defendant. This transaction was described similarly to the second, the defendant leaves 99 Ormond Street in the green Mercedes under observation by law enforcement to the meet location for the exchange of drugs for money with the informant.

The defendant also points out that the affidavit reports a Boston Police Report dated 08/10/2010 involving a motor vehicle with the defendant as the offender, yet, per the defendant, no RMV record indicates a motor vehicle offense by defendant in 2010.

In further support of the discovery motion, the defendant submits an affidavit under oath in which he states "I did not sell heroin to anyone in the Boston area during the 72 hours leading up to and including February 4, 2011." Docket #25-1. He offers, as partial corroboration for his assertion, an AAA tow record from Worcester during the seventy-two hours preceding the issuance of the warrant.

DISCUSSION

Fundamentally, the parties disagree over whether the Government has an obligation to ferret out and to disclose information that might tend to support the showing a defendant must make under

Franks v. Delaware, 438 U.S. 154 (1978), to obtain, initially, the evidentiary hearing or, ultimately, suppression.  By its terms Franks does not itself suggest that the Government has a discovery or disclosure duty. See id. at 155-56 (requiring "substantial preliminary showing" by defendant), id. at 171 ( "challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine"), id. at 170 ("The requirement of a substantial preliminary showing should suffice to prevent the misuse of a veracity hearing for purposes of discovery or obstruction"); and id. at 164-65, 171 (declaring that the rule announced in Franks is itself an exception to the "presumption of validity with respect to the affidavit supporting the search warrant").

That, however, is only part of the analysis.  Discovery in criminal cases turns on the basis under which the discovery is claimed.  In United States v. Jordan, No. 09-10139-JLT, 2010 WL 625280, at *3 (D. Mass. Feb. 23, 2010), Magistrate Judge Dein noted that, to "the extent that the government has information tending to cast doubt on or contradict the information set forth in the search warrant affidavit, that information should be produced pursuant to Local Rule 116.2(A)(2) and 116.2(B)(1)(b)."  She reasoned that such information qualifies as exculpatory under the Local Rules because "establishing that the search warrant affidavit contains false information is the first step in challenging the warrant" and therefore the information "may 'cast doubt on the admissibility of evidence the government anticipates offering in its case-in-chief.'"  Jordan, 2010 WL 625280,

at *3 (quoting Local Rule 116.2(B)(1)(b)).[2] However, on the information presented to the Court,[3] none of the information sought by the defendant qualifies as exculpatory. The affidavit discloses the existence of a history of drug use by the informant as well as a criminal past (by virtue of reporting the informant's prior unsanctioned purchases of heroin from the target). Facially, the other information is either investigatory (e.g. the dates and times of the other two buys) or concerns credibility.

Regarding reliability or credibility information, several judges have ruled a defendant must make some type of preliminary showing. Jordan, 2010 WL 625280, at *1 (denying discovery without the substantial preliminary showing); United States v. Williams, 143 F.R.D. 24, 25 (D. Mass. 1992) (Collings, M.J.) (ruling that the defendant, to obtain discovery in this situation, must "deny, via affidavit, specific facts attributed to them by informants . . . [and] . . . make some minimal showing of inconsistency on the face of the government's material which supports [an] assertion of deliberate falsehood or reckless disregard for the truth.") (quoting United States v. Brian, 507 F. Supp. 761, 766 (D.R.I. 1981)); but see United States v. Smith, Memorandum and Order Re: Discovery, No. 02-10067-NG, Docket #54 (D. Mass. 2003) (Gertner, J.) (in case in which warrant

---

[2] Whether the duty to disclose this type of information arises only out of the requirements of the Local Rules and is foreclosed by Franks, a position the Government seems to suggest, or whether the "prosecution's affirmative duty to disclose evidence favorable to a defendant . . . . 'where the evidence is material either to guilt or to punishment,'" Kyles v. Whitley, 514 U.S. 419, 432 (1995) (quoting Brady v. Maryland, 373 U.S. 83, 87 (1963)) also reaches this type of information, a position the defendant seems to suggest, is not necessary to resolve.

[3] Of course, the Government's duty to disclose exculpatory evidence under the Local Rules and/or the Constitution turns not on whether the information is exculpatory in light of what is known to the Court, but rather whether the information is exculpatory in light of the information known to the Government. Kyles, 514 U.S. at 437-38.

was "skeletal," government ordered to provide reliability information for informant before <u>Franks</u> showing had been made).[4]

In the course of briefing on the discovery motion, the defendant has submitted evidence that might result in a hearing under <u>Franks</u> (chiefly his affidavit denying a heroin sale in Boston during the time frame of the alleged third buy as described in the warrant affidavit) and, if so, that hearing might result in disclosure of all or much of the discovery the defendant seeks. While the parties disagree over whether or not the defendant's submissions could satisfy <u>Franks</u> or are sufficient to warrant an evidentiary hearing on a motion under <u>Franks</u> or warrant further disclosures either to the defendant or to the Court, <u>see, e.g.</u> <u>Brian</u>, 507 F. Supp. at 763 (while finding defendants failed to make sufficient showing to warrant a <u>Franks</u> hearing, the court ordered ex parte in camera production of certain information in light of the evidence defendant did present and defendant's inability to investigate further), <u>aff'd sub nom.</u>, <u>United States v. Southard</u>, 700 F.2d 1, 11 (1st Cir. 1983), those questions are properly addressed by the district judge evaluating the request for a hearing, the motion under <u>Franks</u>, and any other challenge(s) to the warrant.

Accordingly, the Motion for Discovery is DENIED WITHOUT PREJUDICE to renewal before the district judge as part of the defendant's filings challenging the search warrant.

SO ORDERED.

_____/s / Leo T. Sorokin_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Upon a motion for reconsideration by the government, this Memorandum and Order was amended to require disclosure only of "[i]information – known or which reasonably should have been known to the affiant – tending to cast doubt upon the reliability of the informant." <u>United States v. Smith</u>, <u>Memorandum and Order</u>, No. 02-10067-NG, Docket #81 at 2 (D. Mass. 2004) (Gertner, J.).